BEDELL *v.* KIRK.

*(Supreme Court, General Term, Second Department.* February 8, 1892.)

NAVIGABLE WATERS—OBSTRUCTION—NEGLIGENCE IN REMOVAL.

Defendant removed a sloop's anchor to enable him to pass with his vessel through a narrow channel, and the sloop went ashore, and was injured. *Held,* that a charge that defendant had a right to remove the anchor if it interfered with navigation was proper; and that questions as to whether such removal was so negligent as to subject the sloop to injury, and as to plaintiff's interest in the sloop, were for the jury, and their finding thereon on conflicting evidence should not be disturbed.

Appeal from circuit court, Queens county.

Action by Henry Bedell against Benjamin C. Kirk for injuries to plaintiff's sloop, alleged to have been caused by defendant removing an anchor by which it was moored, whereby it was driven ashore. Judgment for plaintiff. Defendant appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Henry Hoyt,* for appellant. *George B. Stoddart,* for respondent.

DYKMAN, J. This is an action for the recovery of damages for injuries to a sloop, caused by the improper interference of the defendant. The vessel was laid up in a slip in Hempstead harbor, and there was an anchor out to hold her in position, and the defendant raised the anchor, and moved it in towards the vessel; and the claim of the plaintiff is that he changed the anchor in a careless and improper manner, so as to leave the vessel less secure, and in consequence of such negligence she was affected and injured and damaged. The testimony on the part of the plaintiff tended to show a useless and careless interference with the vessel, which resulted in her injury; while the testimony on the part of the defendant tended to show that he desired to pass through the narrow channel where the anchor lay, with his vessel; that the anchor rendered the navigation dangerous, and he removed the same to enable his vessel to pass through in safety, and that he removed the same to enable him to take his vessel through without injury, and made the removal in a careful manner. The trial judge charged that the defendant had the right to remove the anchor if it interfered with navigation, and submitted the question of negligence to the jury. There was some question about the interest of the plaintiff in the vessel, and that was also left to the jury. So it was, therefore, that sharp questions of fact were presented to be determined only by the jury. The verdict was in favor of the plaintiff, which signifies that all the facts were found in his favor, and so ends the case. The judgment and order denying the motion for a new trial should be affirmed, with costs. All concur.